UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

YANG JUN, Individually and on behalf of all others similarly situated,

         Plaintiffs,

 -against-

500.COM LIMITED, ZHENGMING PAN, and QIANG YUAN,

         Defendants.

-----------------------------------------------------------------X

**MEMORANDUM & ORDER**
CV 20-806 (GRB)(AKT)

**GARY R. BROWN, United States District Judge:**

 Presently before the Court is the Report and Recommendation ("R&R") of the Honorable A. Kathleen Tomlinson, recommending that motions to dismiss by defendants 500.com Limited ("500.com") and Qiang Yuan ("Yuan") be GRANTED, and that the claims against defendant Zhengming Pan ("Pan"), who has not been served, be dismissed *sua sponte*. Docket Entry ("DE") 54. Investor-plaintiffs object "solely to the extent that the R&R concludes that defendant Pan did not act with scienter when he signed Sarbanes Oxley certifications annexed to defendant 500.com's Class Period 20-F's falsely attesting that he had disclosed all fraud to 500.com's auditor." DE 55 at 5 (*citing* R&R at 36). Defendants filed a response to the objection. DE 56.

 **Standard of Review**

 In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party makes specific and timely objections to a magistrate

1

judge's findings or recommendations as to dispositive motions, the district court must apply a *de novo* standard of review to the portions of the Report and Recommendation to which the objection is made. Fed. R. Civ. P. 72(b); *see LLC v. Doe 3*, 604 F.3d 110, 116 (2dCir. 2010); *see also* 28 U.S.C. § 636(b)(1). However, "general or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *Caldarola v. Town of Smithtown*, No. 09-CV-272 (SJF) (AKT), 2011 WL 1336574, at *1 (E.D.N.Y. Apr. 4, 2011).

### Discussion

The Court has conducted a careful review of Judge Tomlinson's thoughtful and thorough R&R. Quite understandably, investors have not raised objections to most of the findings and conclusions set forth in her 48-page opinion, in which she scrutinizes the claims and contentions, painstakingly applying the law to the allegations. Familiarity with the R&R is assumed, and it is incorporated herein by reference. The decision is certainly free from clear error.

### *Scienter*

Investors contend that Judge Tomlinson "failed to consider salient facts evidencing Pan's scienter," DE 55 at 5, and set forth several items they argue sufficiently establish his state of mind, which should then be imputed to 500.com. Notably, these same contentions were raised before the Magistrate Judge. *See e.g.*, DE 44 at 8 (discussing Pan's SOX certifications); *id*. at 10 (Pan's resignation); *id*. at 26 (Pan's involvement in the Rusustu village meetings and Naha symposium); *id*. at 20 (arguing Pan's scienter based on *Tenaris*).

Plaintiffs contend that the SOX certifications were demonstrably false because Pan failed to disclose the bribery scheme set forth in the complaint. This argument fails, however, because the amended complaint lacks any non-conclusory allegations that Pan knew about or participated

2

in the bribery scheme. Saying it does not make it so, nor does it satisfy the exacting pleading requirements. As Judge Tomlinson notes, this argument

> is easily disposed of since it is well-established that plaintiffs "must do more than allege that the individual defendants . . . or other officers had or should have had knowledge of certain facts contrary to their public statements simply by virtue of their high-level positions, their general responsibility for monitoring [their company's] activities, and their access to inside information.["] . . . There is but one general allegation in Plaintiffs' 56-page, 218 paragraph-long Second Amended Complaint which states that bribes were delivered to Akimoto (the Japan government official who was eventually arrested) at the direction of Defendant Pan. *See* SAC ¶ 10.

DE 54 at 38 (*quoting Johnson v. Siemens AG*, No. 09-CV-5310 (JG) (RER), 2011 WL 1304267, at *15 (E.D.N.Y. Mar. 31, 2011)).

Curiously, in arguing that they have adequately pled scienter, plaintiffs heavily rely upon Judge Dearie's decision in *In re Tenaris S.A. Sec. Litig.*, 493 F. Supp. 3d 143 (E.D.N.Y. 2020). *Tenaris* was different. In *Tenaris*, plaintiffs alleged that the relevant company official "was at a meeting where bribes were discussed." *Id.* at 163. Here, by contrast, plaintiffs alleged only that Pan appeared at public meetings discussing business plans which a corrupt official also attended. There are no allegations that Pan knew about or participated in the bribery scheme. *Compare Oak Hill Management v. Edmund &. Wheeler*, 2021 WL 3855669, at *17 (D. Vt. Aug. 27, 2021) (*Tenaris* "alleged more than Plaintiff has done here").

Factually, plaintiffs premise their objection on one particular nuance: while Judge Tomlinson noted that Pan resigned, the allegations state that he stepped aside temporarily while the internal investigation was conducted, and resigned permanently after its completion. DE 55 at 14. This, counsel argues, established an inference that Pan was aware of the bribery, which proves at least as compelling as any non-culpable inference. *Id*. The cases cited by plaintiffs suggest that a suspicious resignation (even assuming that to be the case here) "supports" or "adds" to an

3

inference of scienter. *See Glaser v. The9, Ltd.*, 772 F. Supp. 2d 573, 598 (S.D.N.Y. 2011) ("resignations, without some indicia of highly unusual or suspicious circumstances, are insufficient to support the required strong circumstantial evidence of scienter"); *see also In re Salix Pharms., Ltd.*, No. 14-CV-8925 (KMW), 2016 WL 1629341, at *13 (S.D.N.Y. Apr. 22, 2016) (finding resignation "provides supplemental support for a strong inference of scienter" when combined with other, far more powerful factors). However, Judge Tomlinson aptly observed that the allegations arise to little more than "innuendo," DE 54 at 38; any additional boost added by the circumstances of Pan's resignation fails to cross the threshold. That a corporate executive would resign from a company under investigation for an international bribery scheme hardly seems suspect – there are many plausible economic, cultural and practical reasons for such a departure that do not involve knowledge of the scheme. In short, plaintiffs have failed to allege facts which give rise to an inference that proves more compelling than the competing non-culpable explanations. The objection is overruled.

### Conclusion

For the reasons set forth above, the Court hereby adopts the R&R in its entirety, and the case is dismissed. The Clerk of the Court is directed to enter judgment consistent with this Order and close the case.

**SO ORDERED.**

Dated: Central Islip, New York
       September 20, 2021

                                              /s/ Gary R. Brown
                                              HON. GARY R. BROWN
                                              United States District Judge